```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
                         FLORENCE DIVISION
```

| | |
|---|---|
| MARTHA L. JACOBS, ) | Civil Action No.: 4:12-1794-RBH-TER |
| Plaintiff, ) | |
| -vs- ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES, ) | |
| Defendant. ) | |

## I.   INTRODUCTION

Plaintiff[1], who is proceeding pro se, files this action against the United States, in which she challenges the Internal Revenue Service's (IRS) assessment and/or collection of taxes "on compensatory damages received on count of a physical illness which is non-taxable according to I.R.C. § 104(a)(2)." Original Complaint (attached to Amended Complaint) p. 7. Presently before the Court is Defendant's Motion to Dismiss (Document # 28) pursuant to Rule 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim. Because Plaintiff is proceeding pro se, she was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to Defendant's Motion could result in a recommendation that the Motion be granted. Plaintiff timely filed a Response (Document # 32). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the Motion to Dismiss is a dispositive motion, this Report and

---

[1] Plaintiff purports to bring this action on behalf of herself and others who are "similarly situated." However, it is well settled that a pro se litigant lacks standing to litigate others' legal rights. Myers v. Loudon Co. Pub. Sch., 418 F.3d 395, 401 (4th Cir.2005); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975).

Recommendation is entered for review by the district judge.

## II.    DISCUSSION

Plaintiff appears to be seeking $30 million in tax refunds and/or damages and other relief from the Internal Revenue Service ("IRS") for what she alleges is unlawful collection activity. Her Amended Complaint also appears to seek to enjoin the IRS from collecting income tax liabilities she contends were wrongly assessed against her for earnings from a settlement in a Title VII employment discrimination action.  Plaintiff has had similar complaints dismissed by this Court in 2007 and 2008 and by the United States Court of Federal Claims in 2010 for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. See Jacobs v. IRS, No. 4:06-599, 2007 WL 895782 (D.S.C. March 21, 2007); Jacobs v. U.S. Treasury IRS, No. 4:08-3013-TLW-TER, 2008 WL 5558242 (D.S.C. Oct. 2, 2008); Jacobs v. United States, No. 1:09-cv-00146, 2010 WL 2594320 (Fed. Cl. June 23, 2010).

Defendant argues that dismissal is appropriate in this case for two reasons; first, Plaintiff fails to establish that this court has subject matter jurisdiction over the claims she alleges and second, Plaintiff fails to state a claim upon which relief can be granted.  A motion to dismiss for lack of subject matter jurisdiction filed pursuant to Fed.R.Civ.P. 12(b)(1), raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991).

It is well settled that the United States, as sovereign, is immune from suit unless it has

consented to be sued, see United States v. Dalm, 494 U.S. 596, 608 (1990); United States v. Sherwood, 312 U.S. 584, 586 (1941), and that the United States may define the terms and conditions upon which a litigant may proceed. See United States v. Testan, 424 U.S. 392, 399 (1976). It is also well settled that the burden to prove subject matter jurisdiction is on Plaintiff. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) (burden to establish subject matter jurisdiction is on party seeking to invoke that jurisdiction). Plaintiff appears to seek two types of relief: monetary and injunctive. However, Plaintiff fails to establish that this court has jurisdiction to provide any of the relief she seeks.

In her Response to the Motion to Dismiss, Plaintiff asserts that her claims are tort claims. Response p. 3. The Federal Tort Claims Act (FTCA) represents a limited waiver of the United States' sovereign immunity for claims for monetary damages sounding in tort. See 28 U.S.C. §§ 1346, 2674-2680. The FTCA's limited waiver of sovereign immunity, however, is subject to thirteen specific exemptions. 28 U.S.C. §§ 2680(a)-(n). Among these exceptions from the waiver of sovereign immunity is an exception for "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c). The exception contained in section 2680(c) encompasses "a broad scope of activities by IRS agents." Perkins v. United States, 55 F.3d 910, 913 (4th Cir.1995). "In cases in which a specific tax debt of a specific taxpayer is at issue, the exception immunizes the IRS from suit for activities that are even remotely related to the tax assessment or collection." Id. at 915. Because Plaintiff's claims challenge the assessment and attempts to collect a specific tax debt, the government is immune from suit and this Court lacks jurisdiction.

In addition to monetary damages, Plaintiff also seeks to enjoin the IRS from collecting income tax liabilities she contends were wrongly assessed against her. However, this relief is barred

by the Anti-Injunction Act. The Anti–Injunction Act, 26 U.S.C. § 7421(a), provides that, unless certain statutory exceptions are applicable, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person[.]" The Supreme Court has indicated that the purpose of the Anti–Injunction Act is "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in suit for a refund.'" Bob Jones University v. Simon, 416 U.S. 725,736(1974); see also Rochefort v. Gibbs, 696 F.Supp. 1151, 1152–53 (W.D.Mich.1988). Although there are limited statutory exceptions to the Anti-Injunction Act, Plaintiff has alleged no facts that would make them applicable here.

A limited judicial exception to the Anti-Injunction Act exists as well. See Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). To establish a claim for injunctive relief under Enochs, the taxpayer must show: (1) under the most liberal view of the applicable laws and facts, it is clear that the government cannot prevail on the merits; and (2) absent an injunction, irreparable injuries will occur for which there is no adequate remedy at law. Id. at 6–7. Unless both of these prerequisites are met, "a suit for preventive injunctive relief must be dismissed." United States v. American Friends Serv. Comm., 419 U.S. 7, 10, 95 S.Ct. 13, 42 L.Ed.2d 7 (1974).

It is well-settled that Plaintiff has adequate remedies at law. The right of a taxpayer to petition the Tax Court and his or her right, in the alternative, to sue for a refund (in a federal district court) are adequate remedies at law. See, e.g., Cool Fuel, Inc. v. Connett, 685 F.2d 309, 313–314 & n. 1 (9th Cir.1982) (citing Bailey v. George, 259 U.S. 16, 42 S.Ct. 419, 66 L.Ed. 816 (1922)) ("Since the Supreme Court decision in [Bailey], it has been established that payment of the tax followed by

a suit for refund constitutes an adequate remedy at law."). Furthermore, Plaintiff has failed to show that it is clear that the government cannot prevail on the merits. Because Plaintiff has not alleged any facts that would show that any of the statutory or judicially created exceptions to the Anti–Injunction Act are applicable, Plaintiff fails to establish that this court has subject matter jurisdiction over her claim for injunctive relief.

The Amended Complaint also describes a lien by the IRS upon Plaintiff's property. Section 7432 of the Internal Revenue Code (I.R.C.) allows for certain actions seeking damages if any officer or employee of the IRS "knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer." 26 U.S.C. § 7432(a). To the extent that the Amended Complaint could be construed as asserting a cause of action under this section, however, dismissal for lack of subject matter jurisdiction is appropriate for Plaintiff's failure to exhaust administrative remedies and as being filed past the applicable statute of limitations. Section 7432 expressly requires exhaustion of administrative remedies. See 26 U.S.C. § 7432(d)(1). Although Plaintiff files numerous documents with her Amended Complaint, none of the documents filed show that she has exhausted her administrative remedies with respect to any tax lien cause of action. Failure to properly exhaust those remedies warrants dismissal of the claim. Szego v. C.I.R., 911 F.2d 724, 1990 LW 116744 (4th Cir.1990); Koerner v. United States, 424 F.Supp.2d 213, 317 (D.D.C.2006); Bennett v. United States, 361 F.Supp.2d 510, 514 (W.D.Va.2005); Hunt v. United States, 178 F.Supp.2d 537, 538 (D.Md.2002); Simmons v. United States, 875 F.Supp. 318, 319 (W.D.N.C.1994).

In addition, even assuming Plaintiff had exhausted her administrative remedies, section 7432(d)(3) provides that "an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date

the right of action accrues." 26 U.S.C. § 7432(d)(3). "A cause of action accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7432-1(i)(2); see also Milby v. United States, 172 F. Supp. 2d 606, 609-10 (W.D. Pa. Mar. 16, 2001). Courts have found that this condition is satisfied when a plaintiff learns of a federal tax lien. See, e.g., Long v. United States, 604 F. Supp. 2d 119, 121-22 (D.D.C. 2009) (and cases cited therein). According to the attachments to the Amended Complaint, Plaintiff learned of the lien no later than 2003, when she claims it was filed. Amended Complaint p. 9. Because Plaintiff did not file the instant action until June 29, 2012, it is well past the applicable statute of limitations and, thus, any cause of action under section 7432 is subject to dismissal.

In sum, for the reasons discussed above, Plaintiff fails to show that this court has subject matter jurisdiction over any of the claims she seeks to adjudicate in this court.[2] Thus, because this court lacks subject matter jurisdiction, it is unnecessary to address whether Plaintiff has otherwise stated a claim upon which relief may be granted.[3]

---

[2] Defendants also argue that, liberally speaking, the Amended Complaint could be read as a refund suit under 26 U.S.C. § 7422. However, Plaintiff states in her Response, "If I had the money to pay the taxes and be reimbursed it would have been done." Response p. 4. Thus, it does not appear that Plaintiff is asserting a refund claim as a prerequisite for such a claim is payment of the challenged tax. Flora v. United States, 362 U.S. 145, 150-51 (1960).

[3] Furthermore, Plaintiff has twice attempted to litigate these same issues in this court, and both times Plaintiff's claims have been dismissed for lack of subject matter jurisdiction. The court cannot discern any new facts or circumstances that would now give this court jurisdiction. See Jacobs v. IRS, No. 4:06-599, 2007 WL 895782 (D.S.C. March 21, 2007); Jacobs v. U.S. Treasury IRS, No. 4:08-3013-TLW-TER, 2008 WL 5558242 (D.S.C. Oct. 2, 2008). As the United States Court of Appeals for the Fifth Circuit commented, "[t]he District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." Aloe Creme Lab., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir.1970).

### III. CONCLUSION

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss (Document # 28) be granted and this case dismissed in its entirety.

          s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 23, 2013
Florence, South Carolina

**The parties are directed to the important information on the following page.**